**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Arthur V. Walker; Anabelle L. Walker,  )   No. CV-08-0106-PHX-FJM
                                       )
           Plaintiffs,                 )   **ORDER**
                                       )
vs.                                    )
                                       )
                                       )
Artisan Mortgage, LLC, et al.,         )
                                       )
           Defendants.                 )
                                       )
_____)

     The court has before it defendants Artisan Mortgage, LLC, Michael and Valerie
Herdman, Rick and Melissa Strouse, and Christian and "Jane Doe" Walsh's (collectively,
"Artisan defendants") motion to dismiss (doc. 15); defendants Biltmore Westglen, LLC,
Biltmore Homes, Inc., and Christopher and Allison Ellis' joinder in the Artisan defendants'
motion to dismiss (doc. 19), plaintiffs' response (doc. 14), and Artisan defendants' reply
(doc. 17).  We also have plaintiffs' motion to strike (doc. 20), and Artisan defendants'
response (doc. 21).

**I – Motion to Strike**

     On April 17, 2008, we rejected defendants' motion to dismiss and plaintiffs' response
because they failed to comply with the 17-page limit set forth in LRCiv 7.2(e) (doc. 13).
Defendants' motion exceeded the page limit by 3 pages; plaintiffs' response exceeded the

page limit by 33 pages.  Both parties were ordered to file their revised documents no later than April 21, 2008.  Instead, both parties filed their revised documents on April 22, 2008.

Plaintiffs now improperly move to strike defendants' revised motion to dismiss. Motions to strike under Rule 12(f), Fed. R. Civ. P., are limited to pleadings under Rule 7(a), Fed. R. Civ. P., in contrast to motions and papers under Rule 7(b), Fed. R. Civ. P.  Plaintiffs' objections to defendants' motion belong in their response.  The motion to strike is denied on this basis.

Plaintiffs' counsel complains that defendants' motion was filed one day late, failing to acknowledge that her revised response was also filed after the given deadline.  In addition, plaintiffs' revised response is 18 pages long and thus still violates the page limits of LRCiv 7.2(e).

Plaintiffs' counsel also challenges our order that required the revised documents to be filed simultaneously.  However, she provides no explanation of how this caused prejudice. She had defendants' original motion to dismiss in hand for 28 days before the revised response was due.  She does not contend that the two motions were different in any material way, and defendants describe them as "virtually identical."

Finally, plaintiffs' counsel complains that the page limitation of LRCiv 7.2(e) "significantly impairs" plaintiffs' ability to effectively respond to the motion.  Motion to Strike at 6.  We disagree.  The local rule limits pages because brevity promotes clarity.  Most oversized papers can be made more understandable by tight editing.  It is not effective advocacy to require the court, or the opposing party, to separate the wheat from the chaff.

Plaintiffs' motion to strike is denied (doc. 20).  It should not have been filed.

## II – Motion to Dismiss

For purposes of this motion to dismiss, we accept as true all facts alleged in the amended complaint and construe them in the light most favorable to the plaintiffs.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  In May 2007, plaintiffs sought mortgage financing for the purchase of a lot on which they intended to have a home built by defendant Biltmore Homes, Inc.  In connection with the purchase, Biltmore Homes offered

plaintiffs a monetary incentive to obtain financing from their "preferred lender," defendant Artisan Mortgage.  On May 20, 2007, Artisan Mortgage issued a loan status report stating that plaintiffs were pre-qualified for a conventional loan, although they had not submitted a loan application.   On May 23, 2007, plaintiffs executed a purchase contract and paid Biltmore Homes an earnest deposit of $4,521.  The effective date of the purchase agreement was June 6, 2007.  The agreement set plaintiffs' loan application and loan approval deadlines for June 9 and June 11, 2007, respectively.  Artisan Mortgage was required to provide a loan status report to Biltmore Homes based on plaintiffs' loan application, and upon receipt of this report, plaintiffs' earnest deposit would become non-refundable.  Additionally, under the terms of the purchase agreement, failure to meet the loan application deadline or failure to close escrow after issuance of the loan status report would result in forfeiture of the earnest deposit.

By July 19, 2007, Artisan Mortgage had not supplied the required loan approval documents.  On July 23, 2007, plaintiffs completed and executed multiple loan finance documents, including a VA loan application.   After plaintiffs were unable to obtain acceptable financing, plaintiffs advised defendants on August 13, 2007, that they were no longer interested in purchasing the home and requested a refund of their earnest deposit.  On that same day, Artisan Mortgage "processed approval of an allegedly prequalified . . . 'EA-1' conventional loan."  Amended Complaint ¶ 116.  Plaintiffs rejected this financing, and on August 20, 2007, Biltmore Homes cancelled the purchase contract and retained the earnest deposit.

Plaintiffs originally filed this action in state court, alleging various state law claims, including breach of contract, fraud, fraudulent and negligent misrepresentation, conspiracy, and violations of various Arizona statutes.  Plaintiffs also asserted five claims alleging violations of various federal laws, including the Truth-in-Lending Act, the Real Estate Settlement Procedures Act, and three federal privacy statutes.  Defendants subsequently removed this case to federal court based on federal question jurisdiction, 28 U.S.C. § 1331.

1    Based on the following, we conclude that plaintiffs have failed to assert a viable

2  federal law claim and we dismiss these claims with prejudice.  We also decline to exercise

3  supplemental jurisdiction over plaintiffs' state law claims, and pursuant to 28 U.S.C. §

4  1447(c), we remand this case to state court.

5                                    **A. – Federal Law Claims**

6                                         **1.  Count 10**

7    Count 10 of the amended complaint alleges violations of the Privacy Act, 5 U.S.C. §

8  552a, the Right to Financial Privacy Act, 12 U.S.C. § 3417, and the Trade Secrets Act, 18

9  U.S.C. § 1905, against all defendants.  Plaintiffs do not respond to defendants' motion to

10  dismiss count 10 claims, and this failure to respond serves as an independent basis upon

11  which we grant defendants' motion.  See LRCiv 7.2(i).

12    The private right of action created by the Privacy Act is specifically limited to actions

13  against agencies of the United States government.  Unt v. Aerospace Corp., 765 F.2d 1440,

14  1447 (9th Cir. 1985).  "The civil remedy provisions of the statute do not apply against private

15  individuals, state agencies, private entities, or state and local officials."  Id. (citations

16  omitted).  Because every defendant in this action is either an individual or private entity, this

17  claim fails and is dismissed with prejudice.

18    The Right to Financial Privacy Act, 12 U.S.C. §§ 3401-22, governs disclosure of

19  private information to the federal government, its officers, employees, agencies, and

20  departments.  It does not address disclosures to private businesses or individuals.  See id. §§

21  3401(3), 3402, 3403.  There is no allegation in the amended complaint that any defendant

22  disclosed private information to the federal government, its officers or agents.  This claim

23  is dismissed with prejudice.

24    Finally, the Trade Secrets Act, 18 U.S.C. § 1905, provides criminal sanctions for the

25  disclosure of confidential information by federal employees.  Again, there is no allegation

26  of disclosures by the federal government, nor is there a private right of action under § 1905.

27  This claim fails as against all defendants.  Count 10 is dismissed with prejudice in its

28  entirety.

1

## 2. Count 12

2    In Count 12, plaintiffs allege that defendant Artisan Mortgage failed to comply with

3 the disclosure requirements of the Truth-in-Lending Act ("TILA"), 15 U.S.C. §§ 1601-67,

4 and Regulation Z, 12 C.F.R. Part 226, its implementing regulations.  TILA liability arises if

5 a creditor fails to make the required disclosures "before consummation of the transaction."

6 See 12 C.F.R. 226.17(b).  No liability exists under the TILA unless the transaction has been

7 consummated.  Waters v. Weyerhaeuser Mtg., Co., 582 F.2d 503, 505 (9th Cir. 1978).  A

8 credit transaction is consummated within the meaning of the TILA at "the time that a

9 consumer becomes contractually obligated on a credit transaction."   12 C.F.R. §

10 226.2(a)(13).  State law determines when the contractual obligation arises.  Id.  There is no

11 allegation that plaintiffs were contractually bound to Artisan Mortgage.  Plaintiffs' execution

12 of a loan application did not contractually obligate them to Artisan Mortgage.  Therefore, no

13 transaction was consummated within the meaning of the TILA, and the TILA disclosure

14 requirements were not triggered.  Plaintiffs' claims under the TILA are dismissed with

15 prejudice.

16

## 3. Count 13

17    In Count 13, plaintiffs allege that defendant Artisan Mortgage failed to comply with

18 disclosure requirements of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.

19 §§ 2601-17, by failing to "make finance disclosures" in relation to the May 20, 2007 pre-

20 qualified joint conventional loan and the August 13, 2007 approved EA-1 loan, in violation

21 of 12 U.S.C. § 2607.  Amended Complaint ¶ 242.  Section 2607, however, prohibits

22 kickbacks and unearned fees; it does not address disclosure requirements.  Plaintiffs have

23 failed to allege facts entitling them to relief under § 2607.

24    We think, instead, that plaintiffs' claim more likely falls under § 2604(c), which

25 requires that each lender provide the mortgage applicant with a "good faith estimate" of the

26 amount of charges for specific settlement services the borrower is likely to incur.  This claim

27 also fails, however, because there is neither an express nor implied private right of action for

28

1   violations of § 2604.  See, e.g., Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68 (11th Cir.

2   1997).

3          Plaintiffs also allege in Count 13 that Artisan Mortgage failed to provide them with

4   a HUD-1 settlement statement.  Amended Complaint ¶ 243.  12 U.S.C. § 2603(a) mandates

5   the use of uniform settlement statements, commonly referred to as the HUD-1, in transactions

6   involving federally regulated mortgage loans.  Section § 2603(b) requires that this statement

7   be made available to the borrower "at or before settlement."  There is no allegation in the

8   amended complaint that a settlement occurred.  Thus, the disclosure obligation was not

9   triggered.  Moreover, plaintiffs' claim also fails because there is no express or implied

10  private right of action under § 2603.  See, e.g., Bloom v. Martin, 865 F. Supp. 1377, 1383-85

11  (N.D. Cal. 1994); Morrison v. Brookstone Mtg. Co., 415 F. Supp. 2d 801, 805-06 (S.D. Ohio

12  2005).  Count 13 is dismissed in its entirety with prejudice.

13                              **III – Conclusion**

14         By dismissing all claims in Counts 10, 12, and 13, we have dismissed every federal

15  claim upon which removal was based.  Pursuant to 28 U.S.C. § 1447(c), we decline to

16  exercise supplemental jurisdiction over plaintiffs' state law claims and remand this case to

17  state court.  See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (holding

18  that "in the usual case in which all federal-law claims are eliminated before trial, the balance

19  of factors . . . will point toward declining to exercise jurisdiction over remaining state law

20  claims") (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S. Ct. 614,

21  619 n.7 (1988)).

22

23

24

25

26

27

28

1    Therefore, **IT IS ORDERED DENYING** plaintiffs' motion to strike (doc. 20).  **IT**

2    **IS FURTHER ORDERED GRANTING** defendants' motion to dismiss Counts 10, 12, and

3    13 as against all defendants with prejudice (doc. 15), and **REMANDING** this case to the

4    Superior Court of Arizona in Maricopa County.  It is further **ORDERED** vacating the Rule

5    16 scheduling conference set for May 16, 2008.

6    DATED this 9th day of May, 2008.

7

8

9

10

11

12                              Frederick J. Martone
                                United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -